1  BRETT A. AXELROD, ESQ. (Bar No. 168657)
   KEITH C. OWENS, ESQ. (Bar No. 184841)
2  NICHOLAS A. KOFFROTH, ESQ. (Bar No. 287854)
   **FOX ROTHSCHILD LLP**
3  Constellation Place
4  10250 Constellation Blvd., Suite 900
   Los Angeles, California 90067
5  Telephone: (310) 598-4150
   Facsimile: (310) 556-9828
6  Email: baxelrod@foxrothschild.com
7          kowens@foxrothschild.com
           nkoffroth@foxrothschild.com
8  *Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>ORCUTT RANCHO, LLC,<br><br>                        Debtor. | Case No. 9:21-bk-10412-MB<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ENTRY OF AN ORDER DISMISSING THE CHAPTER 11 CASE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF GARY GREENBERG IN SUPPORT THEREOF**<br><br>**Hearing Information**<br>Hearing Date:  May 25, 2023<br>Hearing Time:  1:30 p.m. (Pacific Time)<br>Location:       ZoomGov<br><br>**ZoomGov Connection Information**<br><u>Video/audio web address</u>:<br>https://cacb.zoomgov.com/j/1603747310<br><u>ZoomGov meeting number</u>: 160 374 7310<br><u>Password</u>: 232744<br><u>Telephone conference lines</u>: 1 (669) 254 5252 or 1 (646) 828 7666 |

144225944.1

**MEMORANDUM OF LAW POINTS AND AUTHORITIES**

Orcutt Rancho, LLC ("Orcutt" or "Debtor"), the debtor and debtor in possession in the above-referenced chapter 11 case (the "Bankruptcy Case"), hereby submits this motion (the "Motion"), pursuant to § 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"),[1] Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1017-1(e) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR"), in support of its request for entry of an order dismissing the Chapter 11 Case. The Debtor seeks dismissal of the Bankruptcy Case in light of the recent rulings: (i) denying [Docket No. 342] (the "Refinance Order") a motion [Docket No. 285] (the "Refinance Motion") to refinance the *Senior Secured Superpriority Loan Agreement* (the "Romspen DIP Loan"); and (ii) granting [Docket No. 343] (the "Stay Order") Romspen California Mortgage Limited Partnership, an Ontario (the "Romspen DIP Lender") and Romspen Mortgage Limited Partnership, an Ontario limited partnership (the "Romspen Prepetition Lender" and, together with the Romspen DIP Lender, "Romspen") relief from the automatic stay to foreclose on the Debtor's real property consisting of three non-contiguous parcels bearing Assessor Parcel Numbers 113-250-015, 113-250-016, and 113-250-017, in northern Santa Barbara County identified by the Orcutt Community Plan as a 189.2-acre portion of Key Site 21, a larger 340.78-acre site (the "Property"). In support of the Motion, the Debtor respectfully refers to the *First-Day Declaration of Gary Greenberg in Support of Emergency First Day Motion* [Docket No. 7] (the "First Day Declaration") and the *Declaration of Gary Greenberg* [Docket No. 288] (the "Greenberg Declaration") in support of the Refinance Motion, respectfully submits the *Declaration of Gary Greenberg* (the "Supplemental Greenberg Declaration") attached hereto, and respectfully states as follows:

---

[1] Unless otherwise set forth herein, all references to "§" refer to a section of the Bankruptcy Code.

144225944.1

# I.

# STATEMENT OF FACTS

## A. General Background

1. On April 20, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property, including its principal assets, the Property, and operating and managing its business, as debtor in possession, pursuant to §§ 1107 and 1108. *See, generally*, Docket. No request has been made for the appointment of a trustee or examiner and no Committee has been appointed. *See id.*

2. The factual background relating to the Debtor's commencement of the Bankruptcy Case is set forth in detail in the First Day Declaration and the *Supplemental Declaration of Gary Greenberg* [Docket No. 19], which are incorporated for all purposes herein by this reference.

## B. The Property Is the Debtor's Principal Asset and the Debtor Does Not Generate Revenue from Operations.

3. The Debtor is a Colorado limited liability corporation formed to acquire and entitle three parcels of land—the Property—into two residential neighborhoods in the unincorporated town of Orcutt, California. *See* First Day Decl., at ¶ 9. The Debtor acquired in the Property in November 2016. *See id.*, at ¶ 19. As of the Petition Date, the Debtor was in the process of entitling the Property for development. *See id.* The purpose of the Bankruptcy Case was to complete the entitlement process before the Santa Barbara County Planning Commission and either refinance the existing secured debt owed to the Romspen Prepetition Lender or sell the Property as-entitled. *See id.*, ¶ 26.

4. As set forth more fully in the Debtor's schedules, the Property is the Debtor's only material asset. *See* Docket No. 105 (Sched. A/B). Aside from the Property, the only other assets reported by the Debtor on the Petition Date were $1,387.72 of cash on hand and $964.86 of deposits and prepayments. *Id.* (Sched. A/B, at ¶¶ 80-81). The Debtor relied on financing to fund operations necessary for the Debtor to complete its entitlement efforts with the Property. *See* First Day Decl., at ¶ 29. Additionally, the Debtor did not have access to equity funding to continue operations. *Id.*

5. The Debtor continued to rely on postpetition financing to fund its entitlement efforts. As of the most recent monthly operating report, the Debtor reported a cash balance of $39,354. *See*

Docket No. 307 (MOR at 2).  As a result of the accrual of postpetition liabilities, the Debtor's ending net worth was reported as -$718,398.  *See id.*

**C.    The Debtor's Efforts to Refinance the Romspen Indebtedness Were Unsuccessful and Romspen Was Granted Relief from Stay to Foreclose on the Property.**

6.    On June 1, 2021, the Court entered an order [Docket No. 104] authorizing the Debtor to obtain postpetition financing from the Romspen DIP Lender to fund postpetition entitlement efforts.  The Romspen DIP Loan was secured by substantially all of the Debtor's assets, including a lien on the Property.  *See* Docket No. 104.  On June 30, 2022, the Romspen DIP Loan matured and the Romspen DIP Lender did not agree to further extend the maturity date.  *See* Greenberg Decl., ¶¶ 5-6.  The Romspen DIP Lender continued to fund monthly draws under the Romspen DIP Loan through early 2023.  *See id.*, at ¶ 8.

7.    On January 5, 2023, the Debtor filed the Refinance Motion to refinance the matured Romspen DIP Loan.  *See* Docket No. 285.  As set forth more fully in the Refinance Motion, the Debtor and its financial advisor contacted 24 potential refinancing and exit financing lenders between March 2021 and September 2022.  *See* Greenberg Decl., at ¶ 11.  This outreach resulted in 39 phone calls with decisionmakers representing potential lenders and 40 emails with potential lenders, or their representatives, outlining the Debtor's financing needs.  *See id.*  As a result of this outreach, the Debtor entered into nondisclosure agreements with 15 potential lenders under which the Debtor shared confidential diligence information.  *See id.*  The Debtor's marketing efforts resulted in a single term sheet that formed the basis of the Debtor's refinancing request in the Refinance Motion.  *See id.*

8.    On January 23, 2023, Romspen filed a motion [Docket No. 304] (the "Stay Motion") for relief from the automatic stay to initiate foreclosure proceeding based on certain defaults under the Romspen DIP Loan and the Romspen Prepetition Lender's prepetition loan.

9.    On March 21, 2023, the Court entered the Refinance Order and the Stay Order.  The Refinance Order denied the Refinance Motion and the Stay Order granted Romspen relief from the automatic stay to commence foreclosure proceedings against the Property.  As set forth more fully below, the Debtor's inability to obtain additional financing, the foreclosure proceedings affecting the

144225944.1

Debtor's principal assets, and the fact that the Debtor does not generate revenue from operations establish cause to dismiss the Bankruptcy Case.

## II.

## ARGUMENT

Section 1112(b)(1) provides in pertinent part that "on request of a party in interest, and after notice and a hearing, the court ***shall*** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. §1112(b)(1) (emphasis added). Section 1112(b)(4) sets forth a non-exhaustive list of the bases to establish "cause" to convert or dismiss a case under § 1112(b). *See In re O'Hara*, 2019 WL 3451730, at *8 (9th Cir. BAP July 30, 2019), *aff'd*, 835 F. App'x 253 (9th Cir. 2020) (citing *In re Consol. Pioneer Mortg. Entities*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000), *aff'd*, 264 F.3d 803 (9th Cir. 2001)). If cause is established, the decision whether to convert or dismiss the case falls within the sound discretion of the Court. *See In re Sullivan*, 522 B.R. 604, 612 (B.A.P. 9th Cir. 2014) (citing *Mitan v. Duval (In re Mitan)*, 573 F.3d 237, 247 (6th Cir. 2009); *Nelson v. Meyer (In re Nelson)*, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006)).

**A.  Relief from the Automatic Stay and the Debtor's Inability to Fund Operations Will Result in a Continuing Diminution of the Estate and Present No Likelihood for Rehabilitation.**

Section 1112(b)(4)(A) provides that "cause" for dismissal exists where there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." *In re Hassen Imports P'ship*, 2013 WL 4428508, at *13 (B.A.P. 9th Cir. Aug. 19, 2013). The loss may be either substantial or continuing, but need not be both, to constitute cause under § 1112(b)(4)(A). *Id.* (citing *In re Creekside Senior Apartments, L.P.*, 489 B.R. 51, 61 (B.A.P. 6th Cir. 2013). The substantial or continuing loss prong is demonstrated by a loss that will "materially negatively impact the bankruptcy estate and the interest of creditors," or "dwindling liquidity, or illiquidity resulting in unpaid postpetition debts which usually constitute administrative expenses that will take priority over prepetition claims." *Hassan*, 2013 WL 4428508, at * 13. To determine the

4

existence of a continuing loss to, or diminution of, the estate, the bankruptcy court must look beyond financial statements and fully evaluate the present condition of a debtor's estate. *Id.* (citing *In re Motel Props., Inc.*, 314 B.R. 889, 894 (Bankr. S.D. Ga. 2004) (citing *In re Moore Constr., Inc.*, 206 B.R. 436, 437–38 (Bankr. N.D. Tex. 1997)). The absence of a reasonable likelihood of rehabilitation under § 1112(b)(4)(A) is not a technical inquiry of whether a debtor can confirm a plan, rather, the Court should analyze whether the debtor's business prospects justify continuance of the reorganization effort. *Hassan*, 2013 WL 4428508, at *14 (citing *In re Wallace*, 2010 WL 378351 at *4 (Bankr. D. Id. Jan. 26, 2010)).

As set forth above, the Debtor has no pathway to maximize the value of its sole, material assets, the Property. The Debtor's only avenue to maximize the value of the Property is through obtaining entitlements; however, the Debtor is only able to fund entitlement efforts through financing. The Romspen DIP Loan has matured and the Debtor was unable to obtain approval to refinance the Romspen DIP Loan with the sole potential refinancing lender the Debtor identified after an exhaustive search. Moreover, the Court has granted Romspen relief from the automatic stay to pursue foreclosure proceedings against the Property, which would render a refinancing search even more unlikely (if not entirely implausible) and may ultimately result in the Debtor losing its sole, material assets. As the Debtor was formed to acquire and entitle the Property, the Debtor is not capable of achieving its principal business purpose under these circumstances. The continued accrual of administrative expenses without a hope of realizing value justifies dismissal of the Bankruptcy Case. Accordingly, the Debtor's business prospects do not justify continuance of the reorganization effort and merit dismissal of the Bankruptcy Case.

**B.    Dismissal Is in the Best Interests of Creditors and the Estate.**

Section 1112(b)(1) provides that a court *shall* dismiss a chapter 11 case or convert it to a case under chapter 7 if the party requesting conversion or dismissal establishes "cause," unless the court determines that the appointment of an examiner or trustee is in the best interest of creditors and the estate. *See* 11 U.S.C. § 1112(b)(1); *see also Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 612 (B.A.P. 9th Cir. 2014) (Even if the bankruptcy court determines there is cause to convert or dismiss a chapter 11 case, "it must also: [] decide whether dismissal, conversion, or the appointment of a

5

trustee or examiner is in the best interests of creditors and the estate[.]"). "When determining the best interest of the creditors under § 1112(b), the Code's fundamental policy of achieving equality among creditors must be a factor considered, and it is not served by merely tallying the votes of the unsecured creditors and yielding to the majority interest." *Sullivan*, 522 B.R. at 613. The dismissal of a chapter 11 case serves the best interests of creditors where, as here, a debtor has nothing left to reorganize and the debtor's assets are fixed and liquidated. *See Camden Ordnance Mfg. Co. of Ark., Inc. v. United States Trustee (In re Camden Ordnance Mfg. Co. of Ark., Inc.),* 245 B.R. 794 (E.D. Pa. 2000) (reorganization to salvage a permanently closed business was infeasible); *In re Brogdon Inv. Co.,* 22 B.R. 546, 549 (Bankr. N.D. Ga. 1982) (Chapter 11 case dismissal because there was "simply nothing to reorganize" and no reason to continue the case).

As set forth above, the Debtor's inability to obtain additional working capital and the prospects of a foreclosure of its principal asset render any further efforts to salvage value from the Debtor's estate infeasible. The Debtor admittedly generates no revenue and a chapter 7 trustee will simply add an additional layer of administrative expense to the bankruptcy estate without the hope of liquidating any material assets to pay claims. *See, e.g.*, *In re Midwest Props. of Shawano, LLC*, 442 B.R. 278, 286 (Bankr. D. Del. 2010) (finding dismissal of chapter 11 case was in best interest of creditors where "the evidence shows that the debtor's operations without the Receivership Properties do not generate sufficient funds to pay current expenses, and a trustee would simply add more costs and burden to the estate"). Indeed, the undisputed evidence in the Debtor's schedules is that the Debtor holds no material assets other than the Property subject to relief from stay and foreclosure. Accordingly, dismissal is in the best interests of creditors and the estate.

## III.

## CONCLUSION

Based upon the foregoing, the Debtor respectfully requests that the Court enter an order: (i) granting the Motion in its entirety; (ii) dismissing the Bankruptcy Case, pursuant to § 1112(b); and (iii) granting the Debtor such other and further relief as is just and appropriate under the circumstances.

144225944.1

1      DATED this 17th day of April 2023.

2                               **FOX ROTHSCHILD LLP**

3             By:       *Nicholas A. Koffroth*

4                 BRETT A. AXELROD, ESQ. (Bar No. 168657)
                KEITH C. OWENS, ESQ. (Bar No. 184841)

5                 NICHOLAS A. KOFFROTH, ESQ. (Bar No. 287854)
                Constellation Place

6                 10250 Constellation Blvd., Suite 900
                Los Angeles, California 90067

7     *Counsel for Debtor*

7

144225944.1

# **DECLARATION OF GARY GREENBERG**

I, Gary Greenberg, declare as follows:

1. I am the managing member of Apollo Development, LLC, a Colorado limited liability company ("Apollo"). Apollo is the majority member of Orcutt Rancho, LLC (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Bankruptcy Case"). I submit this declaration in support of the *Debtor's Motion for Entry of an Order Dismissing the Chapter 11 Case* (the "Motion")[1] and for any other purpose authorized by law.

2. Except as otherwise indicated herein, this Declaration is based upon my personal knowledge, information provided to me by the Debtor, including the Debtor's legal and financial advisors, or my opinion based upon my experience and knowledge. I am over the age of 18 and am mentally competent. If called upon to testify, I would competently testify to the facts stated in this Declaration.

3. The reasons for the request for dismissal of the Debtor's Bankruptcy Case are set forth more fully in the *First-Day Declaration of Gary Greenberg in Support of Emergency First Day Motion* [Docket No. 7] and the *Declaration of Gary Greenberg* [Docket No. 288] in support of the Refinance Motion, both of which are incorporated herein by this reference. As set forth more fully therein, and in filings on the docket of the Bankruptcy Case, the Debtor has no pathway to maximize the value of its sole, material assets, the Property. The Debtor's only avenue to maximize the value of the Property is through obtaining entitlements; however, the Debtor is only able to fund entitlement efforts through financing. The Romspen DIP Loan has matured and the Debtor was unable to obtain approval to refinance the Romspen DIP Loan with the sole potential refinancing lender the Debtor identified after an exhaustive search. Moreover, the Court has granted Romspen relief from the automatic stay to pursue foreclosure proceedings against the Property, which would render a refinancing search even more unlikely (if not entirely implausible) and may ultimately result in the Debtor losing its sole, material assets. As the Debtor was formed to acquire and entitle the Property, the Debtor is not capable of achieving its principal business purpose under these circumstances. The

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

1

144225944.1

1 | continued accrual of administrative expenses without a hope of realizing value justifies dismissal of
2 | the Bankruptcy Case. Accordingly, the Debtor's business prospects do not justify continuance of the
3 | reorganization effort and merit dismissal of the Bankruptcy Case.

4. The Debtor does not have any arrangement or agreement with creditors or any other person in connection with the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed this 6th day of April, 2023.

*/s/ Gary Greenberg*
Gary Greenberg

144225944.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 900, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled: DEBTOR'S MOTION FOR ENTRY OF AN ORDER DISMISSING THE CHAPTER 11 CASE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF GARY GREENBERG IN SUPPORT THEREOF on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 4/17/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Brett A Axelrod**    baxelrod@foxrothschild.com, pchlum@foxrothschild.com;amwilson@foxrothschild.com
- **William C Beall**    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Jacquelyn H Choi**    jacquelyn.choi@rimonlaw.com
- **Brian D Fittipaldi**    brian.fittipaldi@usdoj.gov
- **Allan H Ickowitz**    aickowitz@nossaman.com, mwiman@nossaman.com;kapodaca@nossaman.com
- **Nicholas A Koffroth**    nkoffroth@foxrothschild.com
- **Hal M Mersel**    mark.mersel@bryancave.com, theresa.macaulay@bclplaw.com
- **William M Noall**    BKnotices@gtg.legal, wnoall@gtg.legal
- **Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov
- **Paul F Ready**    tamara@farmerandready.com
- **Leslie A Tos**    Ltos@farmerandready.com, smeyer@farmerandready.com
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com

**2. SERVED BY UNITED STATES MAIL**: On 4/17/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

Talitha Gray Kozlowski
Garman Turner Gordon LLP
7251 Amigo St Suite 210
Las Vegas, NV 89119

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 17, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.*

The Honorable Martin Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

Active\118774763.v1-1/20/21

1
2
3   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.
4   
| 4/17/2023 | Kimberly Hoang | /s/ Kimberly Hoang |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

Active\118774763.v1-1/20/21